ROBERT P. CROWTHER
LAW OFFICES OF ROBERT CROWTHER
1113 W. Fireweed Lane, Suite 200
Anchorage, Alaska  99503
Telephone (907) 274-1980
Facsimile (907) 274-2085

Attorney for the Debtor
File No.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>GARRIE G. McTAGGART,<br><br>　　　　　Debtor. | Case No. A16-00196-GS<br>Chapter 13 |

CHAPTER 13 PLAN

The debtor proposes the following Chapter 13 Plan:

1.     **PAYMENTS TO THE TRUSTEE**:  The debtor will pay to the trustee:

　　　a.     **Monthly Payments**.  Monthly payments of $400.00 per month beginning August 10, 2016 and continuing on the same day of each month for 48 months but ceasing after 36 months if unsecured creditors have received $2,140.00.

　　　b.     **Permanent Fund Dividends**.  Alaska Permanent Fund Dividends received during the 2016, 2017 and 2018 calendar years, to the extent that the debtor is entitled to receive them[1].

　　　c.     **Tax Refunds**.  The debtor ■ commits    the debtor ☐ does not commit his share – ½ of the total refund – of all tax refunds starting with the 2016 calendar year and ending with the 2018 calendar year to funding the plan.  Tax refunds will be paid in addition to the plan payments stated above.  If no selection is made, tax refunds are committed.

2.     **TRUSTEE'S DISTRIBUTION TO CREDITORS**:  From the payments so received, the trustee shall make disbursements in the following order (unless otherwise noted in paragraph 2 (i)):

---

[1] The debtor does not anticipate receiving Alaska Permanent Fund Dividends because he has not claimed Alaska residency and anticipates leaving within 20 months.

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                                                          Page 1
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016

Case 16-00196    Doc 18    Filed 07/21/16    Entered 07/21/16 15:26:14    Desc Main
            Document      Page 2 of 8

    a.    **Allowed administrative expenses of the trustee** as provided by 11 U.S.C. §507(a)(1)(C) in the amount of ten percent (10%) or the percentage set from time to time by the Attorney General of the United States, pursuant to 28 U.S.C. §586(e)

    b.    **Allowed unsecured claims for domestic support** as provided in 11 U.S.C. §507(a)(1).

    c.    **Allowed expenses of administration** as provided by 11 U.S.C. §507(a)(2), including $2,000.00 in estimated fees for the debtor's attorneys.

    d.    **Cure of Arrearages on Secured Claims That Are Not Modified**: Arrearages on secured creditor's claims which are duly filed and allowed, and which are not modified, estimated as follows:

    i.    <u>Residential Mortgage</u>:

| Creditor/Security | Estimated Arrearage Amount | Number of Payments | Estimated Payment Amount | Interest Rate |
|---|---|---|---|---|
| **None** | | | | |

    ii.    <u>Other Secured Claims</u>:

| Creditor/Security | Estimated Arrearage Amount | Number of Payments | Estimated Payment Amount | Interest Rate |
|---|---|---|---|---|
| **None** | | | | |

    e.    **Modified Secured Claims**; Distributions to secured creditors whose claims are duly filed and allowed, but which are modified, estimated as follows:

| Creditor/Security | Estimated Amount | Number of Payments | Payment Amount | Interest Rate |
|---|---|---|---|---|
| **Navy Federal Credit Union** | $ 14,000.00 | 48 | $330.00 plus any excess funds received by the Trustee after payment of administrative expenses continuing until this debt has been paid in full | 6.00 |

The allowed claims of each creditor listed in 2.e. will be allowed as secured claims in the amounts indicated, which represent the Debtor's assessment of the value of the creditor's collateral for Navy Federal Credit Union. These secured creditors will be paid in installments as shown until the amount indicated with interest as stated has been paid. The remainder of the amount owing, if there is any, would be allowed as a general unsecured claim and paid under the provisions of paragraph 2(h) if a proof of claim is duly filed and allowed.

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                                                          Page 2
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016

f.  **Secured Claims Not Modified**: Distributions to secured creditors whose claims are duly filed and allowed, but are not modified and not paid directly by the debtor under paragraph 3., in accordance with the contract terms as follows:

| Creditor/Security | Estimated Balance Owed | Present Monthly Payment |
|---|---|---|
| **None** | | |

g.  **Allowed Priority Unsecured Claims**, in the order and in the amount prescribed by 11 U.S.C. §507(a)(2) - (a)(9), including the following claims:

| Tax Creditor | Type of Tax | Periods | Amount |
|---|---|---|---|
| **None** | | | |
| Total | | | |

The debtor has initialed the following answer as correct:

__X__ Yes, I have filed all required federal income tax returns.
_____ No, I have not filed all required federal income tax returns.

h.  **Unsecured Non-Priority Claims** which are duly filed and allowed shall be paid the balance of the debtor's plan payments on a pro-rata basis.

i.  **Alternate Payment Instructions to the Trustee**:

☐  Payments under paragraphs 2(b), (c), and (g) are to be made in equal installments over the commitment period.

☐  Payments under paragraph 2(h) are to be made concurrently with payments made under 2(a) through 2(f).

☐  Other (specify):  None

3.  **SECURED CLAIMS NOT MODIFIED**: the following creditors' claims are fully secured, are not modified by the plan and will be paid directly by the debtor outside the Plan under the original contract terms as modified, and will receive no distributions under Paragraph 2 (except those distributions set out in paragraph 2 (d) above):

a.  Residential Mortgage:

| Creditor/Security | Estimated Balance Owed | Present Monthly Payment |
|---|---|---|
| **None** | | |

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                                                         Page 3
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016

b.  Other Secured Claims:

| Creditor/Security | Estimated Amount | Number of Payments | Fixed Payment Amount | Interest Rate |
|---|---|---|---|---|
| **None** | | | | |

4.  **SECURED PROPERTY SURRENDERED**: The secured property described below will be surrendered to the following named creditors, and any duly filed and allowed unsecured claim resulting from such surrender shall be paid under paragraph 2(g):

The debtor surrenders all of his right, title and interest in the property at 3108 Wisteria Lane, Unit 201 in Fayetteville, NC to the holder of the mortgage on that property. The debtor also surrenders all of his right, title and interest in the 2013 Nissan Altima in his possession to the holder of a security interest in this vehicle.

5.  **EXECUTORY CONTRACTS**: Except as provided above, the following executory contracts and unexpired leases of the debtor are assumed or rejected as noted below. If rejected, the debtor will surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under paragraph 2(g):

| Description of Contract | Assumed or Rejected | Cure Arrangements |
|---|---|---|
| **Lease of Residential Real Property** | **Assumed** | **None Required** |

6.  **PLAN ANALYSIS/DISPOSABLE INCOME ANALYSIS/LIQUIDATION ANALYSIS/SCHEDULE OF DIRECT PAYMENTS:** The attached plan analysis, disposable income analysis, liquidation analysis and schedule of direct payments to creditors are accurate to the best of our knowledge. If there are discrepancies between the Plan and the plan analysis, the provisions of the Plan, as confirmed, control.

7.  **RETENTION OF SECURITY INTERESTS AND REVESTING OF PROPERTY**: Secured creditors will retain their liens until the claims as determined under applicable nonbankruptcy law have been paid in full or a discharge is entered under 11 U.S.C. §1328 as provided in 11 U.S.C. §1325(a)(5)(B). Except as provided in this plan or in the order confirming the plan, upon confirmation of this Plan, all property of the estate vests in the debtor free and clear of any claim or interest of any creditors provided for by this plan pursuant to 11 U.S.C. § 1327.

8.  **ORDERS GRANTING RELIEF FROM STAY**: If, at any time during the life of this plan, an order terminating the automatic stay is entered, no distributions under this plan will be made to the creditor obtaining relief from the stay until such time as the creditor files an amended proof of claim. The allowed claim for a deficiency will be treated as a general unsecured claim under paragraph 2(g).

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                                                          Page 4
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016

9. **PLAN CHANGES**:  The court may, after hearing, upon such notice as the court may designate, increase or reduce the amount or the time for payment where it appears that circumstances so warrant and consistent with the provisions of the Bankruptcy Code.

10. **CERTIFICATION**: It is certified that the foregoing plan complies with the requirements of the applicable provisions of the Bankruptcy Code [Title 11, United States Code], the Federal Rules of Bankruptcy Procedure, and the Alaska Local Bankruptcy Rules.

Dated: July 20, 2016

/s/ Garrie G. McTaggart
Debtor

/s/ Robert P. Crowther
Attorney for the Debtor

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                                Page 5
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016

**PLAN ANALYSIS**
In re: Garrie G. McTaggart, Case No. A16-00196-GS

Monthly Income and Expenses:

| | |
|---|---|
| Monthly Income (from Schedule I)[2] | $ 2,848.13 |
| Monthly Expenses (from Schedule J)[3] | $ 3,972.65 |
| | |
| Difference | $ (1,124.52) |

Debtor's Payments to the Trustee:

| Paragraph | Category of payments | Number of payments | Amount of payment | Subtotals and Totals |
|---|---|---|---|---|
| 1 a. | Monthly payments | 48 | $ 400.00 | $ 19,200.00 |
| 1 b. | Alaska Permanent Fund Dividends[4] | 3 | $ 0.00 | $ 0.00 |
| 1 c. | Tax refunds (½ of gross amount, estimated) | As many as 3 | $ 1,000.00 | $ 3,000.00 |
| | | | | |
| | Total fixed payments over the life of the plan | | | $ 22,200.00 |

Estimated Distributions by Trustee:

| Paragraph | Category of payments | Amount of payment |
|---|---|---|
| 2 a. | Trustee's commission (10 percent of total) | $ 2,220.00 |
| 2 b. | Domestic support obligations | $ 0.00 |
| 2 c. | Unpaid Attorney's Fees | $ 2,000.00 |
| 2 d. | Total Arrearages on Secured Claims (Not Modified) | |
| | (1)  Residential Mortgage | $ 0.00 |
| | (2)  Other | $ 0.00 |
| 2 e. | Total Distributions Modified Secured Claims (estimated) | $ 15,840.00 |
| 2 f. | Total Distributions Unmodified Secured Claims to be paid through the plan | $ 0.00 |
| 2 g. | Priority Claims | |
| | Taxes | $ 0.00 |
| 2 h. | Unsecured Claims | $ 2,140.00 |
| | | |
| | Total | $ 22,200.00 |

---

[2] The debtor currently has $404.17 withheld from his wages on a monthly basis for income tax. The debtor and his wife received substantial tax refunds for both 2014 and 2015 so the debtor will be adjusting his withholding to reduce or eliminate this deduction.

[3] This expense figure includes full current vehicle payments. The one vehicle to be retained by the debtor will require reduced payments and the payments on the second vehicle, currently $642.47 will stop because the vehicle is being surrendered.

[4] The debtor does not anticipate receiving Alaska Permanent Fund Dividends because he has not claimed Alaska residency and anticipates leaving within 20 months.

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                 Page 6
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016

**DISPOSABLE INCOME DISTRIBUTION ANALYSIS**
In re: Garrie G. McTaggart, Case No. A16-00196-GS

☐ Disposable income determined under Section 1325(b)(3) [See Official Form 122C-1, Line 17]

| | |
|---|---|
| Total Distributions Unsecured Claims [Line 2(h)] divided by 60 | |
| Monthly Disposable Income (from Official Form 122C-2, Line 45) [or zero, if less than zero] | |
| | |
| Difference | |

■ Disposable income not determined under Section 1325(b)(3) [See Official Form 122C-1, Line 17]

| | | |
|---|---|---|
| Total Distributions Unsecured Claims [Line 2(h)] divided by 36 months in the commitment period (See Official Form 122C-1, Line 21) | | |
| Current Monthly Income [from Official Form 122C-1, Line 20] | | |
| Less - Marital Adjustment [as defined in Official Form 122C, Line 19] | | |
| Less - Support Income [as defined in Official Form 122C-2, Line 40] | | |
| Less - Qualified Retirement Deduction [as defined in Official Form 122C-2 Line 41] | | |
| Less - Monthly Expenses [from Official Form 106J, Line 22] | | |
| Less - Payroll Deductions [from Official Form 106I, Line 6] | | |
| | | |
| Monthly Disposable Income | | $       0.00 |

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                                   Page 7
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016

**LIQUIDATION ANALYSIS**
In re: Garrie G. McTaggart, Case No. A16-00196-GS

| Paragraph | Category of payments | Amount | |
|---|---|---|---|
| A. | Non-Exempt Equity | | |
| 1. | In real property (all real property is encumbered by judgment liens) | $ | 0.00 |
| 2. | In personal property | $ | 0.00 |
| | | | |
| B. | Value of Property recoverable under avoiding powers | $ | 0.00 |
| | | | |
| C. | Estate Equity | $ | 0.00 |
| | | | |
| D. | Total priority debt | $ | 0.00 |
| E. | Total Unsecured Debt (per schedules and including the unsecured portion of secured claims) | $ | 31,241.41 |
| F. | Estimated Chapter 7 Administrative Expenses | $ | 0.00 |
| G. | Estimated Plan Dividend | | 6.85% |
| H. | Estimated Chapter 7 Dividend | | 0.00% |

ROBERT CROWTHER
ATTORNEY AT LAW
1113 W. Fireweed Lane
Suite 200
Anchorage, AK 99503
(907) 274-1980
Fax: (907) 274-2085

In re: Garrie G. McTaggart, Case No. A16-00196-GS
CHAPTER 13 PLAN                                                                      Page 8
C:\Docs\Chapter 13 Plans\McTaggart, Garrie G.7-20-2016